**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 5 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-30171 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00212-SAB-1 |
| v. | |
| ROBERT WAGGY, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Stanley Allen Bastian, District Judge, Presiding

Argued and Submitted July 11, 2019
Portland, Oregon

Before: TASHIMA, GRABER, and OWENS, Circuit Judges.

Defendant Robert Waggy stands convicted of telephone harassment in

violation of Washington Revised Code section 9.61.230(1)(a), (b), which applies

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

through the Assimilative Crimes Act, 18 U.S.C. § 13. In this disposition, we consider his claims of instructional error,[1] and we affirm.[2]

1. Instructions 8 and 9

These instructions were nearly identical to the Washington Pattern Instruction, which lists the elements of telephone harassment. The instructions made it sufficiently clear that the government was required to prove that, on April 19, 2016, Defendant called Sandra Payne with the specific intent to harass her.

2. Response to Jury's Note

The fact that the jury asked a question concerning the instructions does not, without more, demonstrate that the instructions were inadequate. The court had discretion to refer the jury to the instructions because those instructions correctly stated the law. Arizona v. Johnson, 351 F.3d 988, 994 (9th Cir. 2003).

---

[1] We review de novo whether a jury instruction misstates elements of the offense. United States v. Shipsey, 363 F.3d 962, 966 n.3 (9th Cir. 2004). We review for abuse of discretion the precise formulation of instructions. United States v. Dixon, 201 F.3d 1223, 1230 (9th Cir. 2000). Finally, we review for plain error when a defendant failed to object in the trial court. Jones v. United States, 527 U.S. 373, 386–88 (1999).

[2] We resolve Defendant's First Amendment claim in an opinion filed this date.

2

3. <u>Instruction 11</u>

At trial, Defendant objected on the ground that the statute reached constitutionally protected speech, a claim that we resolve in the opinion. His current claim, that Instruction 11 defined terms vaguely or too broadly, does not rise to the level of plain error.

**AFFIRMED**.

*United States v. Waggy*, No. 18-30171

TASHIMA, Circuit Judge, abstaining:

Because, as stated in my dissent from the majority opinion, I would reverse Waggy's conviction on First Amendment grounds, I would not reach the issues addressed by the majority's Memorandum.  I therefore abstain from joining in the Memorandum.